Good morning, Your Honors. John Lannan on behalf of the Appellant, Bruce AMICO. Your Honors, there's three issues, ultimately, I've raised in the brief. I'd like to focus mainly on the first one. The second one is almost entirely contingent on the merits of the first, and then I'll touch briefly on the third. The first issue is whether or not the petitioner should have had an evidentiary hearing concerning the issue of implied juror bias. Essentially, the claim that was presented was, it arose out of the fact that the foreman, it was later discovered after the trial, the foreman had indicated to the prosecutor, and this was undisputed in the state trial court, that he had been a former member of the Guardian Angels. When Mr. AMICO's defense counsel found that out, he requested, under California law, to receive juror information because he wanted to probe on this further. That was denied by the trial court, basically on the two reasons. One, well, really, on one basic one, saying, I don't think I asked, it was basically what he had asked on voir dire, and said, I think when I was asking, all I asked was were people members of law enforcement, I don't think that the Guardian Angels is a member of law enforcement, and that that was the extent of his voir dire. It turns out, when the voir dire transcript was actually ordered up, that that was actually clearly erroneous. In fact, the trial court had specifically asked the jurors, now there's a dispute here, I don't think it was a dispute, it's just the effect of it, whether this was to 18 members of the panel or whether it was to the entire venere. The question was, not only did he ask, do you have any ties to law enforcement also, ladies and gentlemen, have any of you been a member of any organization which seeks to promote either the rights of In earlier proceedings, there's been some dispute about whether or not this was or was asked to the entire group. There was a group of 18 people, but the trial court in this case also said, ladies and gentlemen, all members of the jury panel need to pay close attention to my questions, making note of the answers you would give if those questions were put to you personally. So, either way, I think that what was happening here is either this foreman was in this group of 18 and did not reveal what I think was showing membership in a group that promoted the rights of victims, which is the Guardian Angels, or when asked to listen to these questions, didn't bring it up to the trial court. The precise issue you're raising, though, is whether or not in federal district court your client was entitled to an evidentiary hearing. Correct. And why can't the judge simply review the record? Why does he have to have an evidentiary hearing? Because we don't know, actually, whether or not this person was asked that question, what reasons he may have given for why he thought he shouldn't answer it. Essentially, we have to find that there's a, I think, a showing here that there has been some basis on which to get a hearing, but we want to go further. Take the legal threshold first. Even if that were all true, as a matter of law, would we have to hold that membership in the Guardian Angels is participation in law enforcement? No, you don't have to say it's necessarily participation in law enforcement, although I have to say that after the district court did its own ex-party research, which I think was essentially an evidentiary hearing without anyone present, that in looking at what the talk of themselves as being the eyes and ears of the police and are now setting up what considers to be, seems to be, a crazy law enforcement academy. So actually, on further, it's only by the actual sort of, I have to say, bizarre actions by the district court, by not only not holding a hearing, but doing its own research, that the further digging that happened shows that, in fact, they may be more of a law enforcement agency than was what we would get from the hearing. And our standard of review on the denial of the request for an evidentiary hearing? Well, the standard of review generally on the denial of a habeas is de novo. No, but aren't you making a specific point with respect to failing to order the evidentiary hearing? Yes. Now, on that particular issue, the standard of review is probably the use of discretion, is it not? Well, I'm, well, if it's, I guess, minds may differ, you get to decide, but I think it's ultimately coming out of the denial on whether or not we get the hearing and the habeas petition, it's actually a de novo review. I mean, the reason I'm, I mean, abuse of discretion can still be an error in law, and so here's the error in law. The error in law is this, that we have stated a claim, which is showing implied juror bias. That is based on the Ninth Circuit's under Fields v. Woodford, and therefore saying that there is a basis for implied juror bias because a juror did not reveal what would be relevant information, that that is a colorable constitutional claim. The petitioner tried, both his trial counsel tried to get a hearing, and the district, and the trial court denied it based on a clearly erroneous finding that he did not ask the members of the panel, either 18 or whatever, that they were a member of any groups who were a member of the district. And so that's a very clearly erroneous finding. Also, that's entitled to no presumption of correctness under the Ninth Circuit law. And because we have never, and then Mr. Amico on his own, and these were all on pro per habeas petitions, ultimately brought it back up to the State Court of Appeal, and they denied it too. It went all the way through, so that was perfected. So having tried to do whatever due diligence he can and has been repeatedly denied to get one. He now comes over to federal court and says, I have a federal constitutional right. I have a federal constitutional right that has been violated. I think I've shown enough to get a hearing. They wouldn't give it to me. I asked several times. Here's why I want one. The reason he wants one is because if it is implied bias, there is no need to show prejudice. The basis on showing that it's implied bias is that it is a failure to reveal what could be relevant information. The district court premised it on saying, well, the fact that he might have struck, and in fact his trial counsel at one point says, if I had known this, I would have exercised a peremptory and therefore would have gotten rid of him. The district court hung its hat on saying that's not enough of a basis. Doesn't actually discuss implied bias in its adoption of the magistrate's report and recommendation. But I think it goes beyond that. It's not just necessarily would he have exercised a peremptory. If in fact this juror has some sort of implied bias, and by failing to reveal it, and the circumstances are also he reveals his ex-party to the prosecutor. I mean, it's not, there are certain facts that this gets to be selectively revealed. And so at this point, really all we're asking for is to go back and can we find this juror? Can we have a hearing? Can we find out when this person was asked whatever they were thinking of? I mean, in Fields v. Woodford, they got a hearing. They found all this out. And that's really all we're asking for here. And so that's why, I mean, I'm not, and I don't want to quibble in terms of, I don't really know. I guess I'm saying it's an error of law because we've done enough to show that there's a colorable constitutional claim. We've tried to get it. We get to have a hearing if they don't give it to us, and it's an error to deny it. So I don't know if that's de novo or abuse of discretion, but it's an error by any other name. The second point, Your Honor, is just in terms of the Eighth Amendment, obviously we're trying to say this is closer to Castro than it is obviously closer to Andrade. And that's about all we can say. We put it in the brief, and we hope it goes in this direction rather than that direction. We understand that argument. Okay. Thank you, counsel. Thank you. You may reserve the rest of your time for rebuttal. Yes, please. We'll hear from the government. Yes, good morning. May it please the Court, Lilia Garcia, Deputy Attorney General, on behalf of Respondent Apelli. This is an ADIPA case, which is a little bit different than if this was coming strictly from the federal district court to this court for review. So under ADIPA, one of the things that the state court must look to in making a decision on this is whether in terms of whether there was bias here, whether it was actual bias or implied bias. The United States Supreme Court has not recognized or acknowledged implied bias as a basis for overturning a conviction or for fining a juror of misconduct. The only thing that the United States Supreme Court has recognized is actual bias. And listening to counsel's argument this morning, it's clear he is not relying on actual bias as a basis to send this case back for an evidentiary hearing or for a finding of error in any way. There is no need for an evidentiary hearing in this case. There was, the Court is correct that it is an abuse of discretion. In this particular case, the facts really are not controverted. And you use an evidentiary hearing to basically flush out controverted facts. We know that the foreman in this case told, we have this by declarations of the trial prosecutor, the foreman told her that he at one point had been a member of this group called the Guardian Angels. But we also know that this Guardian Angels group is not an official law enforcement group, and we also know that it's not a victim's group. So the issue then becomes is that is membership alone a sufficient basis to impute any type of bias to this individual? We're looking at it very liberally. Couldn't we construe Guardian Angels to be at least supportive of law enforcement? Isn't there something in the record that suggests that they are in the neighborhoods to try to do neighborhood watches and work with law enforcement? Well, we don't really have that. What we have is statements and arguments by the trial prosecutor and the defense trial, in the state court, making these assertions. But there was no evidence taken on this issue at all. And then, of course, we have the district court who went into the website to look into the type of organization or association that the Guardian Angels was. And it didn't find that. That error, by the way, you heard Mr. Linehan's question. Not on a habeas. I don't believe that that would be error. At any rate, I believe it would be possible that we could take judicial notice of that. I mean, the type of evidence that you could take judicial notice of. So I'm not so sure that that's error at all. But notwithstanding the district courts going into the website, just alone on the records separating that, there certainly isn't enough here to, one, to implicate or to show that there is any type of bias. Not actual bias, because that's certainly not the argument today. And I don't believe that that has been the argument for a while. I think there had been a statement to that effect in one of the petitions in the state courts, but I think that's been abandoned. So the only basis is implied juror bias. And since this is an ADIPA case and the United States Supreme Court has not recognized implied juror bias, then there's just absolutely no basis to return this case for an evidentiary hearing or to find any error at all. So unless the Court has any other questions, we'd be willing to submit on that issue. And also regarding the third strike issue and punishment, I think we've covered that issue thoroughly in our brief. No further questions. Thank you. Thank you. Mr. Linehan, you have some reserved time. Yes, sir. Thank you. Your Honor, I mean, I answered this in the reply brief, but, I mean, the Respondent wants to say that there's no U.S. Supreme Court case that talks about implied bias. There is no actual one that says, like Fields v. Woodford, that this is a basis of implied bias. This Court, however, has interpreted in doing so that they can, in fact, find it and did so in a case like Fields v. Woodford. I don't know, for example, procedurally how else can we get a hearing on this. I'm assuming in a case where someone comes in and says there's implied bias, that someone gave an answer that was different than what was otherwise given. And on the basis of this false answer that we need to see whether or not this person had an agenda to find out and whether or not that agenda somehow or other prejudiced someone. That's what I think we did. I don't know how else one can do it. And that's what the hearing is for. Did he request an evidentiary hearing in the state process? Well, yes. Actually, what he did was, I think, okay, how I think it actually played out was there was a request for the juror information, which would have given a rise by which to actually have it. That was denied. So I don't know whether they actually requested it, but certainly the antecedent facts that would be necessary to get that weren't requested. And then it was brought up actually by Mr. Amico on his own, was trying to bring up on his own habeas and tried to request a hearing and say this had been brought up and at least get some habeas relief. I don't know whether or not he actually followed state procedure and specifically did, you know, In re Romero and In re Duval said this, now I'm entitled to a hearing. But he certainly brought this up and said this is bias and I want to have relief on it. Also, I don't know where the rules of evidence have gone, but I don't see how considering the Guardian Angels website, which I included, is judicial notice. I don't know what that judicial notice is. Something like, you know, when Thursday fell on a certain day. This is not judicial notice. And this is a bizarre thing of talking about a hearing. A hearing is when evidence such as this, which I actually think may be favorable to Mr. Amico, comes in and is presented. And to have it be considered without us having a chance to review it, the district court apparently pulled things out of this. But I'm looking at the back page and they're talking about how the Guardian Angels are going to set up the Guardian Angels Academy of Security and Police Protection. All right. That seems to me to be a lot closer to being a quasi law enforcement. So that's, I just want to have a chance to look at this. I mean, I'm not, it's, so that's why we're here. Thank you very much, Mr. Landau. The case just argued will be submitted for decision. And we will now hear argument in.
judges: Reinhardt, O'scannlain, Clifton